## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRAZIER CAUDLE, *et. al.,* | ) | |
| | ) | C.A. No.: 08-205 (HHK) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

## DEFENDANT LANIER'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants Cathy Lanier, Chief, D.C. Metropolitan Police Department, and District of Columbia (hereinafter collectively referred to as "defendants"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) and 56(b), hereby move this Honorable Court to dismiss plaintiffs' Amended Complaint as to defendant Lanier, and grant partial summary judgment to defendant District of Columbia. As grounds therefore, the defendants state that: 1) defendant Lanier is sued in her official capacity only and the District of Columbia is the proper party defendant, and 2) Plaintiffs' claims against the District under the D.C. Human Rights Act must fail because they failed to comply with the mandatory notice requirements of D.C. Official Code § 12-309 (2001 ed.).

A Memorandum of Points and Authorities in support of this Motion is attached hereto.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


_____\s\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRAZIER CAUDLE, *et. al.,* | ) | |
| | ) | C.A. No.: 08-205 (HHK) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATHY LANIER'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In support of their dispositive motion, defendants herein submit their memorandum of points and authorities.

## I.    STATEMENT OF FACTS

On March 17, 2008, plaintiffs Caudle, Goins, James, Miller and Smalls filed their amended complaint.  *See* Docket Entry #2.  Plaintiffs allege that they were singled out for transfer and demotion from their elite unit within the D.C. Metropolitan Police Department in violation of Title VII of the Civil Rights Act of 1964 and the District of Columbia Human Rights Act (DCHRA).  Plaintiffs have sued defendant Lanier in her official only.  See Amended Complaint, generally.

As set forth below, dismissal against defendant Lanier is mandated because this is an official capacity only lawsuit against her and the District is already a named defendant. Moreover, there is no individual liability under Title VII and there are no direct allegations against defendant Lanier regarding an alleged violation of the DCHRA.

II.    **STANDARDS OF REVIEW**

A)    **Standard for Dismissal**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief.  The Supreme Court has held that the proper test for the sufficiency of a pleading is whether the claim the Complaint purports to set forth is "plausible."  *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007).  The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc., v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65.  "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 1966. *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

B.    **Summary Judgment Standard.**

Summary judgment is proper " if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FRCP 56(c).  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The mere existence of a factual dispute will not preclude summary judgment. Only factual disputes that may determine the outcome of a suit may effectively preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). To be a genuine fact, the assertion must be supported by sufficiently admissible evidence and cannot be based on conclusory allegations, denials or opinions. *Crenshaw v. Georgetown University,* 23 F.Supp. 2d. 11 (D.D.C. 1998).

### III.    DEFENDANT LANIER MUST BE DISMISSED.

#### a)  A Claim Against Defendant Lanier in her Official Capacity is Duplicative to a Claim Against the District.

Plaintiffs have sued defendant Lanier in her official-capacity only. See Amended Complaint, generally. In this circuit, government officials sued in their official capacities are not personally liable for damages. Instead, a plaintiff must look to the municipality. *See Atchinson v. District of Columbia,* 73 F.3d 418, 424 (D.C. 1996)( citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Courts have routinely dismissed corresponding claims against individuals named in their official capacity as "redundant and an inefficient use of judicial resources." *Robinson v. District of Columbia,* 403 F. Supp. 2d 39, 49 (D.D.C. 2005).

In this case, plaintiffs have not averred that defendant Lanier had any personal knowledge of the allegations that set forth the basis of their lawsuit. See Amended Complaint, generally. Defendant Lanier's continued presence in this lawsuit would be duplicative as she is being named in her official capacity only, and the District is already a party defendant. Moreover, an application of the established case law in the District would clearly show that plaintiff is not

entitled to duplicative recovery and must look to the District for any requested relief.

Accordingly, defendant Lanier is entitled to dismissal.[1]

**b) Defendant Lanier Cannot be held Liable under Title VII.**

Plaintiff has filed a retaliation claim under Title VII of the Civil Rights Act of 1964

against defendant Lanier.  She is entitled to dismissal because individual liability is not provided

for and/or contemplated by Title VII.  *See Gary v. Long,* 59 F.3d 1391 (D.C. Cir. 1995) (holding

that while a supervisory employee may be joined as a party defendant in a Title VII action, that

employee must be viewed as being sued in his capacity as the agent of the employer, who is

alone liable for a violation of Title VII). *See also, Busby v. City of Orlando*, 931 F.2d 764, 772

(11th Cir. 1991) (holding that relief granted under Title VII is against the employer, not

individual employees whose actions constituted a violation of Title VII).  Accordingly,

Plaintiff's Title VII claims against defendant Lanier must be dismissed.

## IV. D.C. OFFICIAL CODE § 12-309 BARS PLAINTIFFS' CLAIMS AGAINST THE DISTRICT UNDER THE D.C. HUMAN RIGHTS ACT

In order to maintain any action against the District of Columbia for unliquidated

damages, a claimant/plaintiff must satisfy the mandatory notice requirement of D.C. Official

Code § 12-309 (2001 ed.).  See, *Hill v. District of Columbia*, 345 A.2d 867, 869 (D.C. 1975).  In

particular, § 12-309 provides that:

> An action may not be maintained against the District of Columbia
> for unliquidated damages to person or property unless, within six
> months after the injury or damage was sustained, the claimant, his agent,
> or attorney has given notice in writing to the Mayor of the approximate
> time, place, cause, and circumstances of the injury or damage.

---

[1] Defendant Lanier is being sued in her official capacity only, which requires plaintiffs to comply with the mandatory notice requirements of D.C. Official Code § 12-309 (2001 ed.).  *See* Exhibit #1, Order of August 28, 2007.  Accordingly, she is entitled to dismissal of plaintiffs' DCHRA claim.

As indicated by a long line of cases, § 12-309 is to be strictly construed. *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978); *Toomey v. District of Columbia*, 315 A.2d 565, 566 n.1 (D.C. 1974); *District of Columbia v. World Fire & Marine Ins. Co.*, 68 A.2d 222, 225 (D.C. 1949); *Boone v. District of Columbia*, 294 F. Supp. 1156, 1157 (D.D.C. 1968). "... [C]ompliance with the statutory notice requirement is mandatory," and is a "condition precedent to filing a suit against the District." *Hill*, 345 A.2d at 869; *Gwinn v. District of Columbia*, 434 A.2d 1376 (D.C. 1981). More important, notice must be received within six months of the events which allegedly have caused a claimant's injury, not merely mailed or transmitted to the District within six months. *DeKine v. District of Columbia*, 422 A. 2d 981, 984 (D.C. 1980). Notice received even one day past due is considered untimely, and completely bars recovery against the District. *Id*. at 986.

In this case, plaintiffs seek unliquidated damages from the District under the D.C. Human Rights. However, they have failed to satisfy the statutory requirements of notifying the Mayor of their intent to file a claim against the District within six months of the alleged incident. In their Amended Complaint, plaintiffs allege that they were discriminated against on or about August, 24 2006, at the earliest date. Therefore, plaintiffs were required to notify the Mayor of their potential claim on or before February 24, 2007. The Office of Risk Management has no record of receiving any notice letter informing the Mayor of plaintiffs' intent to file a claim against the District. *See* Exhibit #2, Affidavit of Mia Powell Liley. Plaintiffs' failure to notify either the District or the Mayor of their potential claim entitles the District to judgment as a matter of law. *See* March 4, 2005, Order granting District of Columbia's Motion to Dismiss Plaintiff's D.C. Human Rights Act Claim in the D.C. Superior Court, hereto attached as Exhibit #3 and Exhibit #1,August 28, 2007 Order (holding that plaintiffs alleging claims under the DCHRA against the District must comply

with the statutory notice requirements).   Accordingly, the District is entitled to dismissal of

plaintiffs' claims filed under the D.C. Human Rights Act.

## V.    CONCLUSION

Based upon the foregoing, defendants respectfully request that defendant Lanier be

dismissed with prejudice and defendant District of Columbia be granted judgment as to

plaintiffs' DCHRA claim.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

___\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

___\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRAZIER CAUDLE, *et. al.,* | ) |
| | )     C.A. No.: 08-205 (HHK) |
|     Plaintiffs, | ) |
| | ) |
|     v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et. al.,* | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

## STATEMENT OF MATERIAL FACTS NOT AT ISSUE

Defendant District of Columbia, by and through undersigned counsel, and, pursuant to LCvR 7.1(h), submit the following statement of material facts as to which there is no genuine issue herein:

1.      The Mayor nor the Office of Risk Management received a notice of plaintiffs' intent to sue the District of Columbia for unliquidated damages.  See Exhibit # 1.

                        Respectfully submitted,

                        PETER J. NICKLES
                        Interim Attorney General for the District of Columbia

                        GEORGE C. VALENTINE
                        Deputy Attorney General, Civil Litigation Division

                        ___\s_____
                        PATRICIA A. JONES [428132]
                        Chief, General Litigation Sec. IV

                        ___\s_____
                        MICHAEL P. BRUCKHEIM [455192]
                        Assistant Attorney General
                        441 4TH Street, NW, 6th Floor-South
                        Washington, D.C.  20001
                        202-724-6649; 202-727-6295
                        E-mail:  Michael.bruckheim@dc.gov

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GLENN GIARDINO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0469  (JMF) |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This case has been referred to me by consent of the parties for all purposes, including trial.

## I.    PLAINTIFFS' CLAIMS

According to the amended complaint, the plaintiffs have sued the District of Columbia and the denominated defendants (Winston Robinson, Michael Anzallo, Jeffrey Parker, Mary Lanauze, and Thomas Boone) (the "individual defendants"), invoking Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the "Human Rights Law of the District of Columbia," D.C. Code § 2-1402.21(a); the Americans with Disabilities Act, 42 US.C. § 12101; the Rehabilitation Act, 29 U.S.C. § 701; the Age Discrimination in Employment Act, 29 U.S.C. § 621; and 42 U.S.C. §§ 1981, 1983 and 1985(3).[1] Amended Complaint at 3.

The individual defendants are "sued in their individual capacity." Id. But, the complaint also alleges that they "were acting within the scope of their employment and as

---

[1] All references to the United States Code or the D.C. Code are to the electronic versions that appear in Westlaw or Lexis.

agents for the defendant the District of Columbia" in that they were "acting under color of law as officers and members of the Metropolitan Police Department in engaging in illegal activities to deprive the plaintiffs of due process of law and equal protection of the law as guaranteed by the fifth amendment to the constitution." Id.

The amended complaint therefore sets forth various claims for relief against the defendants as follows:

1.  Claims against the District of Columbia itself based upon four federal employment statutes—Title VII, the Americans with Disabilities Act, the Rehabilitation Act, and the Age Discrimination in Employment Act;

2.  Claims against the individual defendants under these same four federal statutes;

3.  Claims against the named defendants under 42 U.S.C. §§ 1981, 1983 and 1985(3) (the "Civil Rights Act") based on their violation of the plaintiffs' constitutional rights;

4.  Claims against the District of Columbia under the Civil Rights Act based on the acts of the individual defendants;

5.  Claims against the District of Columbia under the District of Columbia Human Rights Act (the "Human Rights Act"); and

6.  Claims against the individual defendants under the Human Rights Act.

## II.    DEFENDANTS' MOTION

The District of Columbia and the individual defendants, who are all represented by the Office of the Attorney General of the District of Columbia, have now filed Defendants' Motion for Judgment on the Pleadings or in the Alternative, Motion for

Summary Judgment [#31] ("Defs. Mot."). In it, they seek dismissal on two grounds: (1)

plaintiffs never received a right to sue letter from the Equal Employment Opportunity

Commission and (2) plaintiffs never gave the required notice to the Mayor.

## III.     JUDGE HUVELLE'S ORDER AND ITS CONSEQUENCES

Before ruling on that motion, it is crucial to first recall that Judge Huvelle has

already ruled that plaintiffs cannot press any claim for relief against the individual

defendants premised on the federal employment statutes. See Minute Order, 10/3/2006,

amended by Minute Order, 11/17/2006. Those claims have been dismissed and the

individual defendants therefore need not have moved to dismiss claims against

themselves premised on the federal employment statutes. Instead, plaintiffs may press

such claims only against the District, and the District may seek dismissal as against the

District itself.

Second, the District is subject to suit under the District of Columbia Human

Rights Act, see Minute Order, 10/3/2006, and it may therefore move to dismiss that claim

for failure to comply with a District of Columbia Code provision requiring notice to the

Mayor. See D.C. Code § 12-309.

Third, the Human Rights Act claims for relief against the individual defendants

premised on acts done in their official capacities must be deemed to be stating a claim

against the District. See Clark v. Library of Congress, 750 F.2d 89, 102 (D.C. Cir. 1984).

Thus, the individual defendants may be permitted to join in the District's motion as to

the Human Rights Act insofar as the complaint asserts a claim for relief under the Human

Rights Act against them in their official capacities.[2]

---

[2] Note that insofar as the individual defendants are sued in their individual capacities, the claim for relief
based on the Civil Rights Act is against them and not the District. See Amended Complaint at 3.

For present purposes, I will therefore deem the motion filed to speak only to (1) the federal employment claims against the District of Columbia, (2) the Human Rights Act claim against the District, and (3) the Human Rights Act claim against the individuals in their official capacities.

## IV.    ANALYSIS

### A.    Right to Sue Letter

The District claims that plaintiffs have never received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Defs. Mot. at 5-6.  Plaintiffs apparently would concede they haven't because they argue that they are permitted to file this lawsuit without such a right-to-sue letter upon the passage of 180 days from the day of their filing their complaint with the EEOC. Opposition to Motion for Judgment on the Pleadings or for Summary Judgment [#34] ("Pls. Opp.") at 1.  Plaintiffs are incorrect.  It is the law of this Circuit that, pursuant to 42 U.S.C. §2000e-5(f)(1), "the receipt of a right to sue notice is a condition precedent to the initiation of a Title VII civil action." See Williams v. Washington Metro. Area Transit Auth., 721 F.2d 1412, 1418 n.12 (D.C. Cir. 1983).

It is also true, however, that "[r]eceipt of a right-to-sue notice during the pendency of the Title VII action cures the defect caused by the failure to receive a right-to-sue notice before filing a Title VII claim in federal court." Id.  Accordingly, plaintiffs will be given sixty days within which to secure the right-to-sue letter from the EEOC or their claims premised on the federal employment statutes will be dismissed.

**B.    Notice to the Mayor**

D.C. Code §12-309 provides:

> An action may not be maintained against the District of Columbia
> for unliquidated damages to person or property unless, within six
> months after the injury or damage was sustained, the claimant, his
> agent, or attorney has given notice in writing to the Mayor of the
> District of Columbia of the approximate time, place, cause, and
> circumstances of the injury or damage. A report in writing by the
> Metropolitan Police Department, in regular course of duty, is a
> sufficient notice under this section.

D.C. Code §12-309.  To support its motion, the District provides an affidavit from its

Office of Risk Management indicating that plaintiffs have not given the notice required

by this statute.  Defs. Mot., Exhibit 3, Affidavit of Mia Powell Liley ¶ 4.

Plaintiffs do not claim that they provided the notice required but instead insist

they were under no obligation to file such a notice. Pls. Opp. at 2. They rely on Brown v.

United States, 742 F.2d 1498 (D.C. Cir. 1984) (en banc) to excuse their sending a notice

to the Mayor but, as the District points out, that case held that the claims provision in

D.C. Code § 12-309 did not apply to "causes of action that, like this constitutional tort

claim, are creations of federal law." Id. at 1500; accord Bowie v. Gonzalez, 433 F. Supp.

2d 24, 29 (D.D.C. 2006).

In this case, however, the claims based on the D.C. Human Rights Act are not

"creations of federal law."  Additionally, when a federal court exercises pendent

jurisdiction over a claim based on state law, it must apply an applicable notice-of-claim

provision. Felder v. Casey, 487 U.S. 131, 151 (1988) ("[F]ederal courts entertaining

state-law claims against Wisconsin municipalities are obligated to apply the notice-of-

claim provision."); see also Hewett v. Inland Hosp., 39 F. Supp. 2d 84, 86-88 (D. Me.

1999); INX Int'l Ink Co. v. Delphi Energy & Engine Mgmt. Sys., 943 F. Supp. 993, 997-

99 (E.D. Wis. 1996). The failure to file the notice required by D.C. Code § 12-309

therefore would doom plaintiffs' claims against the District and the individual defendants

who are sued in their official capacities.

Plaintiffs assert, however, that since this case has been "pending for over a year,

with status calls and legal proceedings," and defendants are only now asserting the failure

to provide notice as required under the statute, defendants have waived raising any failure

to comply. Pls. Opp. at 3. To support their argument, plaintiffs rely on Sanders v. District

of Columbia, Civ. A. No. 97-2938, 2002 WL 648965 (D.D.C. Apr.15, 2002), where

Judge Friedman found a waiver in the District's "permitting itself to be sued for over four

years without raising the failure to provide notice." Id. at *3.

In this case, the District claims that its answer to the amended complaint, docket

number 20, asserted the defense of failure to comply with D.C. Code § 12-309.

Defendants Reply to Plaintiffs' Opposition to Their Motion for Judgment on the

Pleadings or in the Alternative, Motion for Summary Judgment [#35] at 5. But I have

reviewed that document and found no reference in it to D.C. Code § 12-309. There is a

defense asserted of failure to exhaust administrative remedies, see Answer, Sixth

Defense, but that could just as easily be a reference to the plaintiffs' failure to secure a

right to sue letter as to the federal employment counts. I cannot construe such an

ambiguous reference as a specific assertion of non-compliance due to the failure to give

the Mayor notice of suit pursuant to D.C. Code § 12-309.

Since the District did not assert in its answer the failure of plaintiffs to notify the

Mayor as required, the defense cannot be raised by a motion for judgment on the

pleadings or for summary judgment until the District first moves to amend its answer.

See Harris v. U.S. Dep't of Veterans Affairs, 126 F.3d 339, 345 (D.C. Cir. 1997) ("[W]e hold that Rule 8(c) means what it says: a party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion."). Accordingly, the order that accompanies this opinion permits the District to move for leave to amend their answer and for the plaintiffs to oppose.

## V.    CONCLUSION

Plaintiffs' claims against the District based on the federal employment statutes will be dismissed unless plaintiffs secure, within sixty days, a right-to-sue letter.

Defendants' motion to dismiss the Human Rights Act claims against the District and the individual defendants in their official capacities are held in abeyance until the Court rules upon the defendants' motion to amend their answer to set forth the defense premised on D.C. Code § 12-309.

An Order accompanies this Memorandum Opinion.


_____/s/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE


Dated: August 28, 2007

**Exhibit 2**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FRAZIER CAUDLE, *et. al.,*        )
                                    )     CA No.: 08-205 (HHK)
        Plaintiff,        )
                                      )
        v.                    )
                                      )
METROPOLITAN POLICE        )
DEPARTMENT                )
                                      )
        Defendant.       )
_____ )

## AFFIDAVIT OF MIA POWELL LILEY

     I, MIA POWELL LILEY, being duly sworn, states that the following is true to the best of my knowledge, information and belief:

1.     I am the Manager, Settlements and Judgments for the Tort Liability Division, District of Columbia Office of Risk Management. The Tort Liability Division receives, processes and investigates potential claims against the District of Columbia, pursuant to D.C. Official Code § 12-309 (2001 ed.). The Office of Risk Management commenced to receive potential claims on January 15, 2004.

2.     Receipt of written notice of claims against the District of Columbia, are forwarded directly to the Tort Liability Division for processing. When the Tort Liability Division receives notices of claims either from the Mayor's Office or directly, the Tort Liability Division records the receipt of such notice in its claims management system.

3.     Claims previously handled by the Claims Unit for the Office of the Attorney General still under investigation as of January 15, 2004, were also transferred to the Office of Risk Management and recorded in its claims management system.

4.     I have conducted a diligent search of the records placed in the Risk Management

system in the DC Office of Risk Management.  The result of this search has revealed that

the Tort Liability Division of the District of Columbia Office of Risk Management, has

received no claim notice from FRAZIER CAUDLE, NEKEITH GOINS, WILLIAM

JAMES, SHOLANDA MILLER or DONALD SMALLS that referred to claims

described in the complaint in Civil Action No. 08-205 (HHK) in reference to any alleged

claims under the District of Columbia Human Rights Act (DCHRA) beginning in August,

2006 and continuing through the fall of 2007.

MIA POWELL LILEY

DISTRICT OF COLUMBIA, ss:

I, Susana Suarez a Notary Public in and for the District of Columbia,

do hereby certify that MIA POWELL LILEY , whose name is signed to the foregoing

affidavit, bearing the date of the __7__ day of March, 2008, personally appeared before

me and executed the said release, and acknowledged the same to be her act and deed.

Given under my hand and official seal this __7__ day of March, 2008.

NOTARY PUBLIC

My Commission Expires: _____

SUSANA SUAREZ<br>NOTARY PUBLIC OF COLUMBIA<br>My Commission Expires<br>August 14, 2010

**Exhibit 3**

FILED
IN OPEN COURT
MAR 4  2005
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

WILLIAM DESCUTNER,                          )
                                            )
                 Plaintiff,                 )
                                            )
        v.                                  )        Civil Action No. 04ca7214
                                            )        Calendar 1 – Judge Fisher
DISTRICT OF COLUMBIA,                       )
                                            )
                 Defendant.                 )

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF ORDER GRANTING MOTION TO DISMISS**

In this case the Plaintiff alleges that the District of Columbia engaged in unlawful

discrimination against him on the basis of disability, in violation of the District of

Columbia Human Rights Act, D.C. Code § 2-1401, *et seq.* (2004) ("Human Rights Act"),

when the D.C. Fire and Emergency Medical Services Clinic withdrew Plaintiff's

conditional job offer for a position as a Firefighter-Basic Paramedic due to deficient

vision in his left eye.  Plaintiff seeks immediate instatement as an unrestricted

Paramedic/Firefighter, back and front pay including benefits, compensatory damages,

costs and attorney's fees.  Defendant, the District of Columbia, asserts that this case

should be dismissed under D.C. Code §12-309 (2001) for failure of the Plaintiff to

provide the District of Columbia timely notice of the complaint.  Plaintiff supplies two

arguments in opposition to Defendant's motion.  First, he argues that under the

exhaustion doctrine the matter has not accrued for purposes of triggering the duty to

comply with the notice requirement of §12-309, because he filed a request for

reconsideration with the Police and Fire Clinic, which has yet to be decided.  Second, he

2

contends that claims filed under the Human Rights Act are not subject to §12-309's time requirement.

## A. Compliance with D.C. Code § 12-309

D.C. Code §12-309 states, in pertinent part,

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

Congress enacted §12-309 in 1933 "to deal with cases in which suits were filed against the District before the statute of limitations expired but long after the occurrence of the underlying event, a circumstance which often made it impossible for the District of Columbia to obtain evidence for use in litigation which may result." H.R. REP. No. 2010, 72d Cong., 2d Sess. 1 (1933). The notice requirement of §12-309 differs from the statute of limitations requirement and was designed specifically to avoid the pitfalls of the statute of limitations. Gwinn v. District of Columbia, 434 A.2d 1376 (D.C. 1981). The statute of limitations is triggered from the time the right to maintain an action accrues. District of Columbia v. Dunmore, 662 A.2d 1356, 1359 (D.C. 1995). However, the point in time when the action accrues is irrelevant for purposes of triggering § 12-309. DeKine v. District of Columbia, 422 A.2d 981, 985 (D.C. 1980). Instead, §12-309 is triggered the moment the plaintiff sustains the alleged injury, not from the moment the cause of action accrues. Id.; see also Brown v. District of Columbia, 853 A.2d 733 (D.C. 2004).

The Plaintiff relies on Pinkney v. District of Columbia, 439 F. Supp. 519 (D.D.C. 1977), to support his argument that under the exhaustion doctrine he is not required to comply with §12-309 until the reconsideration process is finalized by the Police and Fire

3

Clinic. (Opp. at 6-8). <u>Pinkney</u> held that where exhaustion is a necessary condition of bringing a suit the notice requirement of §12-309 is not triggered until the completion of the administrative appeal. <u>Pickney</u>, 439 F. Supp. at 519. This Court, as the Defendant notes in its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, is not bound by the decision in <u>Pinkney</u>. <u>See</u> <u>M.A.P. v. Ryan</u>, 285 A.2d 310 (D.C. 1971).

This Court is bound by the decisions of our Court of Appeals which have strictly construed the time limitation contained in §12-309, <u>see</u> <u>Gross v. District of Columbia</u>, 734 A.2d 1077, 1081 (D.C. 1999); <u>Doe by Fein v. District of Columbia</u>, 697 A.2d 23, 29 (D.C. 1997), even when that interpretation has brought about harsh results, including extinguishment of meritorious claims.  <u>See, e.g.</u>, <u>District of Columbia v. Arnold & Porter, et al.</u>, 756 A.2d 427, 436-37 (D.C. 2000) (Although some plaintiffs had demonstrated District of Columbia's negligence at trial, claims of other plaintiffs dismissed for failure to comply with notice requirement of §12-309).

This Court also is influenced by the reasoning of the Supreme Court in the analogous anti-discrimination case of <u>Delaware State College v. Ricks</u>, 449 U.S. 250 (1980).  At issue in <u>Ricks</u> was whether the 180-day time limit for filing with the Equal Employment Opportunity Commission (EEOC) began at the time Mr. Ricks was informed by Delaware State College that he was not granted tenure or, instead, when the Board of Trustees informed Mr. Ricks that the grievance he had filed was denied.  The Supreme Court held that the time limit for filing with the EEOC began at the first communication by the college to Mr. Ricks that he would not receive tenure.  The Court reasoned that, "entertaining a grievance complaint of the tenure decision does not suggest that the earlier decision was in any respect tentative.  The grievance procedure, by its

4

nature, is a remedy for a prior decision, not an opportunity to influence that decision before it is made." Id. at 261. This Court similarly holds that the requirement to comply with the notice requirement of §12-309 was triggered when the Plaintiff received the letter informing him that his conditional job offer was withdrawn, not when the Police and Fire Clinic decides his request for reconsideration.

**B. D.C. Human Rights Act**

In his opposition, Plaintiff also argues that providing notice under §12-309 is not a requirement for brining a claim under the Human Rights Act because the Act contains no references to §12-309 or any other notice requirement. (Opp. at 9). Plaintiff further argues that the inclusion of language in other D.C. statutes, such as the Whistleblower Protection Act, D.C. Code §1-615.54(a) (2001), directing compliance with §12-309 "evidences a legislative intent that the §12-309 notice is not required for claims under D.C. Human Rights Act." (Opp. at 9-10). Plaintiff's argument is unsupported by any authority and ignores the plain language of §12-309 which clearly states that "an action *may not be maintained* against the District of Columbia" unless the notice requirement of §12-309 is complied with. D.C. Code, §12-309 (2001) (emphasis added). In addition, the Court of Appeals has held that §12-309 "imposes a notice requirement on everyone with a tort claim against the District of Columbia." Dunmore, 662 A.2d at 1358. Plaintiff's argument fails because a claim under the Human Rights Act, like any other tort claim against the District of Columbia, must comply with the requirements of §12-309.

**C. Conclusion**

Compliance with D.C. Code, §12-309 is mandatory. See District of Columbia v. Dunmore, 662 A.2d 1356 (D.C. 1995); Hardy v. District of Columbia, 616 A.2d 338, 340

5

(D.C. 1992); <u>Romer v. District of Columbia</u>, 449 A.2d 1097, 1101 (D.C. 1982); <u>Gwinn v.</u>

<u>District of Columbia</u>, 434 A.2d 1376, 1378 (D.C. 1981).  Plaintiff's notice requirement

under §12-309 was triggered at the time he received the letter from the D.C. Fire and

Emergency Medical Services Clinic withdrawing his conditional job offer.  Plaintiff

received the letter withdrawing his conditional job offer on February 11, 2004 and sent a

claim letter to Mayor Anthony Williams on September 10, 2004, approximately a month

after his time limit had expired.  Plaintiff was required to comply with §12-309 when

filing a claim under the Human Rights Act and failed to do so.  Therefore, Defendant's

Motion to Dismiss must be and is granted.


Gerald I. Fisher
Associate Judge


Copies to:

Diane A. Seltzer, Esq.
5301 Wisconsin Avenue, N.W.
Suite 570
Washington, DC 20015

Carl Schifferle, Esq.
Assistant Attorney General
Suite 600S
441 4th Street, N.W.
Washington, DC 20001

6

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRAZIER CAUDLE, *et. al.,* ) | |
| ) | C.A. No.: 08-205 (HHK) |
|     Plaintiffs, ) | |
| ) | |
|     v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et. al.,* ) | |
| ) | |
|     Defendants. ) | |
| _____) | |

**ORDER**

Upon consideration of Defendants Defendant Cathy Lanier's Motion to Dismiss the Amended Complaint, defendant District of Columbia's Motion for Partial Summary Judgment, the Memorandum of Points and Authorities in Support thereto, plaintiffs' opposition, if any, and the entire record herein, it is by the Court on this _____ day of _____ hereby:

ORDERED: that the Defendants' Motion is GRANTED for the reasons set forth therein; and it is;

FURTHER ORDERED: that defendant Cathy Lanier is dismissed with prejudice, and it is,

FURTHER ORDERED:  that judgment shall be entered in favor of the District of Columbia as to plaintiffs' claim under the District of Columbia Human Rights Act.

_____
HENRY H. KENNEDY
United States District Court Judge