UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRAZIER CAUDLE, *et. al.*,       )
                                 )   C.A. No.: 08-205 (HHK)
    Plaintiffs,              )
                                 )
v.                               )
                                 )
DISTRICT OF COLUMBIA, *et. al.*, )
                                 )
    Defendants.              )
_____)

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE AMENDED COMPLAINT

Defendant District of Columbia ("the District") answers the Amended Complaint with particularity and in like-numbered paragraphs as follows:

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

1.    The District admits that plaintiff are officers with the D.C. Metropolitan Police Department, and that they have filed claims pursuant to Title VII of the Civil Rights Act of 1964 and the District of Columbia Human Rights Act. The remaining allegations are conclusions of the pleader to which no response is required.

2.    The District admits that plaintiffs served in the Focus Mission Unit (FMU) with the First District. The remainder of paragraph 2 contains legal and/or factual conclusions of the pleaders to which no response is necessary.

3.    The District lacks sufficient information to either admit or deny the allegations whether plaintiffs sent an anonymous letter to the First District's commander

on June 16, 2006, alleging charging Lt. Wilkins with discriminatory conduct in violation of Title VII.  Further answering, the District lacks sufficient information to either admit or deny whether Lt. Wilkins made a deliberate effort to determine the identity of the complainants and/or concluded that one and/or all of the plaintiffs were responsible for the letter allegedly sent to MPD.  Lastly, the non-disclosure of whether Lt. Wilkins or any other employee was the subject of an internal MPD investigation is protected by statute.  See D.C. Official Code §§ 1-631.01, and 1-631.01, and the Law Enforcement Privilege.

    4.    The District admits that it was announced that all members of the FMU had to reapply for their positions.  Further answering, the District lacks sufficient knowledge or information as to whether Lt. Wilkins announced that he would decide who would be permitted to remain in the FMU, and/or whether Lt. Wilkins viewed the reapplication process as an opportunity to retaliate against plaintiffs for the June 16th letter.  To the extent a response is required, the District denies the allegations.

    5.    The District admits that plaintiffs, except Plaintiff Miller, reapplied to work within FMU.  The District denies the remaining allegations contained in paragraph number 5 of the Amended Complaint.

    6.    The District admits that plaintiffs filed a complaint with the D.C. Office of Human Rights but believes that it was filed on or about September 26, 2006, not August 24, 2006.

    7.    The District admits that none of the plaintiffs were selected to remain in the FMU.  Further answering, the District denies the remaining allegations in paragraph 7.

8. The District lacks sufficient information to either admit or deny the allegations in paragraph number 8 of the Amended Complaint.

9 -10. The allegations contained in paragraphs 9 and 10 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, the District denies these allegations and demands strict proof at trial.

11. The District admits that plaintiff Caudle is an MPD officer, having joined the Department in 1999, and began working in FMU in 2004. The District lacks sufficient information to either admit or deny the remaining allegations.

12. The District admits that plaintiff Goins is an MPD officer, having joined the Department in 1999, and began working in Auto Theft Unit in 2004. The District lacks sufficient information to either admit or deny the remaining allegation.

13. The District admits that plaintiff James is an MPD officer, having joined the Department in 1988, and began working in FMU in 1995. The District lacks sufficient information to either admit or deny the remaining allegations.

14. The District admits that plaintiff Miller is an MPD officer, having joined the Department in 2002, and began working in FMU in 2004. The District lacks sufficient information to either admit or deny the remaining allegations.

15. The District admits that plaintiff Smalls is an MPD officer, having joined the Department in 1987, and began working in FMU in 2000. The District lacks sufficient information to either admit or deny the remaining allegations.

16. The allegations in paragraph 16 are the conclusions of the pleader to which no response is required. To the extent a response is required, this defendant admits that one or more of these plaintiffs received awards and/or commendations from MPD.

17. The District admits that Diane Groomes was the Commander of the First District in 2006, and is now Assistant Chief of the Patrol Services and School Security Bureau, and that David Kamperin a Commander in the First District.

18 -19. The allegations in paragraphs 18 and 19 are legal conclusions to which no response is required.

20. The District admits that plaintiffs joined MPD between the years 1987 and 2002. The reaming allegations are the conclusions of the pleader to which no response is required.

21 -25. The allegations in paragraphs 21 through 25 of the Amended Complaint are the conclusions of the pleader to which no response is required.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 26 of the Amended Complaint.

27. The allegations in paragraph 27 of the Amended Complaint are the conclusions of the pleader to which no response is required. Further answering, this defendant is precluded by statute from disclosing information related to allegations about Lt. Wilkins as contained in paragraph 27, or any investigation that may or may not have occurred.

28 -35. The District lacks sufficient knowledge or information to either admit or deny the allegations in paragraph numbers 28 through 35 of the Amended Complaint.

36.     The allegations contained in paragraph 36 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.  To the extent a response is required, the District denies these allegations and demands strict proof at trial.

37.     The District lacks sufficient knowledge or information to either admit or deny the allegations in paragraph numbers 37 of the Amended Complaint.

38.     The allegations contained in paragraph 38 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.  To the extent a response is required, the District denies these allegations and demands strict proof at trial.

39.     The allegations contained in paragraph 39 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.  To the extent a response is required, the District denies these allegations and demands strict proof at trial.

40 -42. The District denies the allegations in paragraphs 40 through 42 of the Amended Complaint.

43.     The District lacks sufficient information to either admit or deny the allegations contained in paragraph 43 of the Amended Complaint.  To the extent a response is required, the District denies these allegations and demands strict proof at trial.

44 -45. The allegations contained in paragraph 44 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.

46.     The District lacks sufficient information to either admit or deny the allegations contained in paragraph 46 of the Amended Complaint.

47. The District lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 48 of the Amended Complaint.

48 -50. The District denies the allegations in paragraph 48 through 50 of the Amended Complaint.

## Count I:  Title VII

51. The responses set forth in paragraphs 1 through 50 are incorporated herein by reference as if fully set forth herein.

52. The District denies the allegations contained in paragraph 52 of the Amended Complaint.

## Count II:  DCHRA

53.-55. The District has filed a motion to dismiss the allegations set forth in paragraphs 53 through 55.

56. No response is required as to plaintiffs' prayer for relief.  To the extent a response is required, the District states that plaintiffs are not entitled to their requested relief.

Further answering, the District denies all allegations not specifically admitted herein or otherwise responded to.

## THIRD DEFENSE

Plaintiffs may have failed to fully exhaust their administrative remedies.

## FOURTH DEFENSE

The District exercised reasonable care to prevent and correct promptly any allegedly unlawful behavior, and Plaintiffs unreasonably failed to take advantage of any

preventive or corrective opportunities provided by the District or to avoid harm otherwise. *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

## FIFTH DEFENSE

Plaintiffs' claims may be barred by the doctrines of issue preclusion and/or claim preclusion.

## SIXTH DEFENSE

Plaintiffs' race was not a motivating factor in connection with any employment decision concerning them.

## SEVENTH DEFENSE

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

## EIGHTH DEFENSE

Plaintiffs' claims may be barred in whole or in part by laches, lack of standing under Article III of the Constitution, and other recognized defenses to the issuance of equitable or declaratory relief.

## NINTH DEFENSE

The statute of limitations may bar plaintiffs' claims.

## TENTH DEFENSE

Plaintiffs failed to comply fully with the mandatory notice requirements of D.C. Official Code § 12-309 (2001 ed.).

## ELEVENTH DEFENSE

Plaintiffs may have failed to mitigate their damages.

## TWELFTH DEFENSE

The District had legitimate, non-discriminatory reasons for its employment actions as they relate to plaintiffs.

## THIRTEENTH DEFENSE

Plaintiffs cannot establish a causal connection between any alleged protected activity and any alleged employment action taken against them.

## FOURTEENTH DEFENSE

Plaintiffs are not entitled to punitive damages against this defendant.

## SET-OFF

Defendant District of Columbia claims a set-off for any and all funds paid to Plaintiffs by the District including Medicaid or other forms of public assistance, or other public benefit.

## JURY DEMAND

Defendant District demands a trial by jury with the maximum numbers permitted by law.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        \s\ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

\s\ C. Vaughn Adams
C. VAUGHN ADAMS [449779]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-442-9840; 202-727-6295
E-mail:  Corliss.adams@dc.gov