IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRAZIER CAUDLE, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 1:08-cv-00205-HHK |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT LANIER'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Frazier Caudle, Nikeith Goins, Williams James, Sholanda Miller, and Donald Smalls ("Plaintiffs") are African-American officers in the Metropolitan Police Department of Defendant the District of Columbia. *See, e.g.*, First Am. Compl. ¶ 1. They allege that after they challenged the racially discriminatory conduct of their commanding officer, the District of Columbia retaliated against them by, *inter alia*, transferring and demoting them from their elite police unit. *See, e.g., id.* They filed this lawsuit to redress the resulting injuries they have suffered and continue to suffer. *See, e.g., id.* Plaintiffs bring causes of action under Title VII (42 U.S.C. § 2000e-3(a)) and the District of Columbia Human Rights Act (D.C. Code. § 2-1402.61) ("DCHRA").

The District of Columbia now moves for partial summary judgment on Plaintiffs' DCHRA claim, contending that this count is barred by the lack of timely notice to the District of Columbia under D.C. Code § 12-309. *See* Mem. P. & A. Supp. Def. Cathy Lanier's Mot. Dismiss Pls.' Am. Compl. & Def. District of Columbia's Mot. Partial Summ. J. (Mar. 28, 2008)

(Docket No. 3) at 6-8 ("Defs.' Br."). As this Court recently held, however, by its explicit terms § 12-309 applies only to claims for unliquidated damages. *See Byrd v. District of Columbia*, ___ F. Supp. 2d ___, 2008 WL 678592, at *5 (D.D.C. Mar. 13, 2008) (Kennedy, J.). Plaintiffs seek other forms of relief here. *See, e.g.*, First Am. Compl. at 13-14 (prayer for relief). Defendant's motion must therefore be denied as to all other forms of relief under the DCHRA, and Plaintiffs hereby withdraw any demand for unliquidated damages under the DCHRA.

Defendant Cathy L. Lanier, sued in her official capacity as Chief of Police, moves to dismiss under Fed. R. Civ. P. 12(b)(6) on the ground that all causes of action asserted against her are "duplicative" of the causes of action asserted against the District of Columbia. Defs.' Br. at 5. In light of Defendants' representation to the Court that the causes of action against Defendant Lanier are entirely duplicative of Plaintiffs' causes of action against the District of Columbia, Plaintiffs hereby dismiss their DCHRA and Title VII causes of action against Defendant Lanier.

## THE ALLEGATIONS OF THE COMPLAINT

Plaintiffs are five African Americans who joined the District of Columbia's police department between 1987 and 2002. *See* First Am. Compl. ¶¶ 11-15, 21. They have served with distinction ever since, earning numerous awards and commendations. *See id.* ¶¶ 14, 16. Based on their exemplary performance, each was hand-picked between 1995 and 2004 to join the elite Focus Mission Unit ("FMU") in the department's First District. *See id.* ¶¶ 22-23. They served in the FMU with distinction. *See id.* ¶ 24.

Plaintiffs' experience in the FMU changed significantly when Lt. Ronald Wilkins was placed in command of the unit during the latter part of 2005, however, and Plaintiffs believed that their race was the reason. *See id.* ¶ 25. Lt. Wilkins is white. *See id.* ¶ 2. Plaintiffs charged

Lt. Wilkins with racial discrimination in 2006, and were believed by Lt. Wilkins to have done so. *See id.* ¶¶ 26-27, 34-35.

Soon thereafter, Plaintiffs were dismissed from the FMU and demoted to lesser positions in other units. *See id.* ¶¶ 37, 39. The dismissals were in retaliation for having raised discrimination complaints. *See id.* Plaintiffs' post-FMU assignments have been less prestigious, provided less opportunity for career advancement, and in some cases have provided less remuneration. *See id.* ¶ 40, 49-50. Other retaliatory conduct followed these complaints, as well. *See id.* ¶¶ 41-44.

Plaintiffs filed this lawsuit challenging Defendants' retaliatory conduct under Title VII and the DCHRA. *See id.* ¶¶ 52-56. They seek injunctive and declaratory relief, compensatory damages, punitive damages, attorneys' fees and costs, and other relief as the Court deems just and equitable. *See id.* at 13-14.

**STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure allows a court to grant summary judgment on a claim or defense if a party is entitled to judgment as a matter of law and there are no genuine issues of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Celotex,* 477 U.S. at 322.

With respect to the partial summary judgment portion of Defendants' motion, Plaintiffs do not believe that there are material facts as to which there exists a genuine issue necessary to

be litigated. Plaintiffs therefore do not submit a separate statement under LCvR 7(h) and LCvR 56.1.

## ARGUMENT

Defendant District of Columbia asserts that it is entitled to summary judgment with respect to Plaintiffs' DCHRA claim in its entirety because Plaintiffs did not give timely notice of their injuries to the Mayor of the District of Columbia under D.C. Code § 12-309. *See* Defs.' Br. at 6-8. The District of Columbia vastly overstates the scope of § 12-309, however. It applies only insofar as a claim is made for unliquidated damages. Because Plaintiffs withdraw any claim for unliquidated damages under the DCHRA, the portion of the District of Columbia's partial summary judgment motion that is not thereby rendered moot should be denied in its entirety.[1]

D.C. Code § 12-309 provides, in full:

Actions against District of Columbia for unliquidated damages; time for notice.

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section

It is well-established that this statute's explicit limitation to unliquidated damages means exactly what it says. This was reiterated by this Court less than a month ago in another employment case:

> Furthermore, § 12-309 applies only to claims for unliquidated damages. Thus, to the extent plaintiffs seek to recover equitable relief, § 12-309 does not apply to plaintiffs' ability to obtain such relief. . . . [T]o the extent [plaintiffs] seek liquidated damages and equitable relief, their claims are not dismissed for failure to provide mandatory notice.

---

[1] Defendant District of Columbia's partial summary judgment motion does not apply to Plaintiffs' Title VII cause of action.

4

*Byrd*, 2008 WL 678592, at *5.  The Court cited *Lively v. Cullinane*, 451 F. Supp. 999, 1000 (D.D.C. 1976), in support of this holding.  *Lively* held that "[i]nsofar as plaintiff seeks declaratory and injunctive relief against the District of Columbia, D.C. Code § 12-309 is, by its terms, inapplicable."  *Id.*  Judge Walton of this Court recently held likewise in another employment case, *Chisholm v. District of Columbia*, 533 F. Supp. 2d 175 (D.D.C. 2008).  The Court held that "[t]o the extent that the relief the plaintiff seeks for her allegedly wrongful termination is limited to back pay and benefits, the plaintiff is correct that D.C. Code § 12-309 is not applicable to liquidated damages."  *Id.* at 179 (quotation marks, ellipsis, brackets, and citation omitted).  *See also Winder v. Erste*, 2005 WL 736639, at *10 (D.D.C. Mar. 31, 2005) ("§ 12-309 does not bar plaintiff's other common law claims to the extent he seeks liquidated damages and injunctive relief").  Even one of the cases cited by the District of Columbia turns on § 12-309's limitation to unliquidated damages.  *See District of Columbia v. World Fire & Marine Ins. Co.*, 68 A.2d 222, 225 (D.C. 1949) ("Consequently, the claim being unliquidated, . . . notice in writing was required under the statute.").[2]

It is clear that Plaintiffs filed this lawsuit to obtain relief in addition to unliquidated damages.  *See* First Am. Compl. at 13-14 (prayer for relief).  They seek injunctive and declaratory relief, compensatory damages, punitive damages, attorneys' fees and costs, and other relief as the Court deems just and equitable.  *See id.*  As is common in employment cases, and as was the case in *Chisholm*, this includes, among other things, back pay.  *See* First Am. Compl. ¶ 40 (alleging reduced remuneration).  D.C. Code § 12-309 is inapplicable to all of these forms of relief other than unliquidated damages.  The motion for partial summary judgment should therefore be denied as moot with respect to unliquidated damages, and as contrary to law with respect to all other forms of relief.

---

[2]  The other cases cited by the District of Columbia do not address this limitation in § 12-309.

**CONCLUSION**

For the reasons state above, Plaintiffs respectfully submit that Defendant the District of Columbia's motion for partial summary judgment should be denied in full.  Plaintiffs further submit that Defendant Lanier's motion to dismiss should also be denied in full, as the motion to dismiss is rendered moot by Plaintiffs' voluntary dismissal, stated above, of the claims against her.

        Respectfully submitted,

        /s/ Glenn Schlactus
        John P. Relman (D.C. Bar No. 405500)
        Glenn Schlactus (D.C. Bar No. 475950)
        RELMAN & DANE PLLC
        1225 19th Street, N.W.
        Suite 600
        Washington, D.C. 20036
        (202) 728-1888 (o)
        (202) 728-0848 (fax)

        *Attorneys for Plaintiffs*

Dated:  April 8, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRAZIER CAUDLE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-00205-HHK |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] ORDER**

The Court having considered Defendant Lanier's Motion To Dismiss Plaintiffs' Amended Complaint And Defendant District Of Columbia's Motion For Partial Summary Judgment (Mar. 28, 2008) (Docket No. 3), and the memoranda submitted in support and opposition thereto,

IT IS HEREBY ORDERED that:

Defendant Cathy L. Lanier is hereby dismissed, pursuant to Plaintiffs' voluntary dismissal;

No unliquidated damages shall be awarded herein against Defendant District of Columbia under the District of Columbia Human Rights Act, pursuant to Plaintiffs' voluntary withdrawal of any such demand; and

Defendants' motions are denied in full;

SO ORDERED.

_____
Hon. Henry H. Kennedy, Jr.
United States District Judge

DATED: _____