UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRAZIER CAUDLE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 08-205  (HHK) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT

Defendant District of Columbia ("the District"), by and through undersigned counsel and pursuant to Local Civil Rule 7(d), hereby provides the following response to Plaintiffs' Opposition to Defendant Lanier's Motion to Dismiss Plaintiffs' Amended Complaint and Defendant District of Columbia's Motion for Partial Summary Judgment:

The District has clearly demonstrated that Plaintiffs' demands for legal remedies (i.e., damages) under the D.C. Human Rights Act ("DCHRA") are barred because Plaintiff never submitted the mandatory notice required by D.C. Official Code § 12-309. *See* Affidavit of Mia Powell Liley (attached as Exhibit "2" to Defendants' Motion to Dismiss).  In their Opposition memo, Plaintiffs do not controvert this Affidavit, nor do they claim to have submitted the requisite § 12-309 notice.  *See* Opposition at pp. 3-4. Instead, Plaintiffs claim that § 12-309 only bars their DCHRA claims for unliquidated damages.  *Id.*  Yet, as explained more fully herein, Plaintiffs' violation of § 12-309 bars them from demanding both legal and equitable relief under the DCHRA.

*Argument*

I. **PLAINTIFFS' CLAIMS FOR UNLIQUIDATED DAMAGES, INCLUDING BACK PAY AND ATTORNEY FEES, UNDER THE HUMAN RIGHTS ACT MUST BE DISMISSED AS A MATTER OF LAW.**

    A. **Plaintiffs Are Not Entitled to Unliquidated Damages.**

In their Opposition memo, by withdrawing their request for unliquidated damages under the D.C. Human Rights Act, Plaintiffs concede that the District is entitled to judgment on their demand for unliquidated damages. See Opposition at p. 2. Therefore, Plaintiffs claims for compensatory or punitive damages, attorney's fees and costs are governed by the requirements of D.C. Official Code § 12-309 since none of these demands are based on a debt for a fixed amount of money owed Plaintiffs by the District. In fact, all of these demands are for uncertain damages that clearly sound in tort instead of contract. As such, the District is entitled to judgment as a matter of law dismissing all such claims since Plaintiffs failed to comply with the requirements of § 12-309.

    B. **Plaintiffs' Claims for Back Pay and Attorney Fees Must Be Dismissed.**

Plaintiffs argue that their Amended Complaint was filed, "to obtain relief **in addition** to unliquidated damages." See Opposition at p. 5, emphasis added. Plaintiffs claim they seek liquidated damages, presumably for back pay, attorney fees, and injunctive and declaratory relief. See Opp. at p. 5. The phrase "liquidated damages" refers only to damages that are definite and agreed upon by both parties. *See, e.g., Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 357 (1961) ("the determination of the amount in controversy is exceedingly simple, *e. g.*, liquidated damages"); *Western Union Tel. Co. v. Nester*, 309 U.S. 582, 587-588 (1940) (referring to "liquidated damages" as "a definite liability"); *Illinois Surety Co. v. John Davis Co.*, 244 U.S. 376, 382 (1917) ("the claims

were all for liquidated amounts; and in no instance was the amount in dispute"); *Southern P. R. Co. v. United States*, 228 U.S. 618, 631 (1913) (referring to the "definite nature and liquidated character of the obligation … to pay"). In any case in which the amount of damages can reasonably be disputed by one of the parties, the damages simply cannot be deemed "liquidated," and a party cannot escape the strict requirements of § 12-309.

In support of their argument that notwithstanding their failure to comply with § 12-309, they are allowed to pursue back pay and attorney fees, Plaintiffs rely upon the holding in *Chisolm v. District of Columbia,* 533 F.Supp.2d 175 (D.D.C. 2008). The *Chisolm* Court, relied upon *Beeton v. District of Columbia,* 779 A.2d 918 (D.C. 2001), in making its determination that plaintiff could seek back pay and benefits. However, the *Beeton* Court did not discuss whether back pay was considered to be liquidated damages.

Although the *Chisholm* Court acknowledged that unliquidated damages are not "'an easily ascertainable sum certain'," it agreed with plaintiff that to the extent that the plaintiff sustained such "easily ascertainable" damages as a result of her allegedly wrongful termination, that claim was not barred by § 12-309. *Id.* (quoting Hartford Accident & Indem. Co. v. District of Columbia, 441 A.2d 969, 974 (D.C. 1982)) (additional citation omitted).

Back pay and attorney fees are not "easily ascertainable sum[s] certain." In fact, in *National Labor Relations Board v. Deena Artware, Inc.*, the Court held the back pay claims of discharged employees are unliquidated because, although the legal basis of liability had been determined, actual liability to any individual employee had not yet been established. 207 F.2d 798 (6th Cir. 1953). That case involved an NLRB enforcement order commanding the Deena Artware to pay back wages to employees alleged to have

been discriminatorily discharged. Unlike *Deena Artware*, the District has not been ordered to pay any back wages to Plaintiffs. Instead, this matter involves a possible back pay liability that could require several years to adjudicate. *See also, In re Eagle Bus Mfg, Inc.*, 158 B.R. 421 (S.D. Tx. 1993) (holding that a claim representing a possible back pay, benefits and interest liability based on a future, contingent NLRB award against Greyhound was illiquid and, therefore, had to be converted to a dollar amount strictly for the purposes of bankruptcy proceedings). Because Plaintiffs' claims for back pay and attorney fees are not liquidated claims, but in fact, unliquidated damages, they are precluded from pursuing those remedies under the DC Human Rights Act because they failed to comply with § 12-309.

Respectfully Submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

By: _____/s/_____
DWAYNE C. JEFFERSON[2]
Assistant Attorney General
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
dwayne.jefferson@dc.gov

**COUNSEL FOR DEFENDANT DISTRICT OF COLUMBIA**

---

[2] Mr. Jefferson is appearing under Rule 49 (c) (4) of the District of Columbia Court of Appeals and LCvR 83.2.