UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  )
                                     )
FRAZIER CAUDLE, *et al.,*            )
        Plaintiffs,                  )
                                     )
    v.                               )        Civil Action No. 08-0205
                                     )              (HHK/AK)
DISTRICT OF COLUMBIA                 )
        Defendant.                   )
_____  )

## <u>MEMORANDUM OPINION</u>

Pending before this Court are Plaintiffs' Motion for Order Finding Waiver of Defendant's

Objections Pursuant to Federal Rule of Civil Procedure 33(b)(4) Or, in the Alternative, to

Compel Defendant to Identify Discovery Withheld and Grounds Therefore ("Motion for

Waiver") [74]; Defendant's opposition to the Motion ("Opposition to Motion for Waiver") [81];

and Plaintiffs' reply to the Opposition ("Reply to Opposition to Motion for Waiver") [86].  Also

pending before this Court are Plaintiffs' Motion to Compel ("Motion to Compel") [75];

Defendant's Opposition to the Motion to Compel ("Opposition to Motion to Compel") [82]; and

Plaintiffs' Reply to the Opposition to the Motion to Compel ("Reply to Opposition to Motion to

Compel") [85].[1]  The Court held a hearing on these two motions on October 15, 2009.  Upon

consideration of Plaintiffs' Motion for Waiver, the memoranda in support thereof, the Opposition

thereto and the record in this case, for the reasons set forth below, the Plaintiffs' Motion for

_____

[1]On November 30, 2009, Plaintiffs filed a Supplemental Notice [105] regarding their
Motion for Waiver [74], reiterating that all untimely objections should be deemed waived,
whether they were asserted by Defendant in its initial responses to discovery requests or in its
supplemental responses.

Waiver is granted in part and denied in part.  Plaintiffs' Motion to Compel is also granted in part and denied in part.  A separate Order accompanies this Memorandum Opinion.

## I. Background

Plaintiffs are African-American police officers in the Metropolitan Police Department ("MPD") of the District of Columbia. (Pl. 3rd Am. Cmpl. [3] ¶ 1.)  Plaintiffs allege that the MPD violated their civil rights, *see* 42 U.S.C. § 2000e, *et seq.,* and the District of Columbia Human Rights Act, DC Code § 2-1401.01, *et seq.*, by retaliating against them for complaining about discriminatory conduct by means of an anonymous complaint sent to MPD on June 16, 2006, and a complaint filed on August 24, 2006. (*Id.*)  Plaintiffs allege that Defendant's retaliatory acts included their transfer from the Focus Mission Unit ("FMU"), an elite unit in the MPD's First District, which was responsible for targeting major criminal activities.  (Pl. 3rd Am. Cmpl. [3] ¶2.)  Plaintiffs further allege that they were demoted.  (Pl. 3rd  Am. Cmpl. [3] ¶8.)

Plaintiffs served their discovery requests on Defendant District of Columbia (hereinafter, "Defendant" or the "District") on October 1, 2008 and Defendant's responses were initially due by November 24, 2008.  Plaintiffs consented to a 14-day extension of the due date and thus, Defendant's responses were due on December 8, 2008; however, it was not until December 29, 2008, twenty-one days after the extended deadline for a response, that the District responded to Plaintiffs' document requests.  The District subsequently responded to Plaintiffs' interrogatories on January 14, 2009, thirty-seven days after the extended deadline.  On February 24, 2009, Plaintiffs filed a motion to compel discovery responses and for sanctions [38/39], alleging that the discovery responses provided by the District were "substantially deficient." (Motion for

Waiver at 3, 4.)[2]  In their motion to compel discovery, Plaintiffs also alleged that Defendant had

waived its objections to their discovery requests by not responding in a timely fashion.  (Motion

[38] at 1.)  This Court denied Plaintiffs' motion without prejudice, noting that it could be

renewed after the Plaintiffs complied with the "meet and confer" requirements set forth in Local

Civil Rule 7(m).  (March 23, 2009 Memorandum Order [49].)[3]

Subsequent to the Court's March 23, 2009 Memorandum Order, the parties participated

in telephonic status conferences with the Court on May 1, 2009; May 5, 2009; June 17, 2009; and

June 22, 2009, in an attempt to informally resolve some of the ongoing discovery disputes.[4]  In a

Minute Order dated June 22, 2009, the Court granted Plaintiffs' request for leave to [re]file its

motion to compel, acknowledging that Plaintiffs had satisfied the requirement under Local Civil

Rule 7(m) to attempt to meet and confer in good faith, but asked that Plaintiffs defer filing such

motion until June 29, 2009.   On September 4, 2009, Plaintiffs filed their "renewed" motion to

compel [75], and Plaintiffs simultaneously filed a motion for waiver of objections [74].

---

[2] The District has supplemented its discovery responses on approximately eight
occasions:  February 2 & 3, 2009;  March 17, 2009; April 1, 2009; June 18, 2009; July 1, 2009;
July 23, 2009; and September 2, 2009; yet, the District's responses are still alleged by Plaintiffs
to be deficient. (Opposition to Motion to Compel at 7.).

[3]Local Civil Rule 7(m) requires that:
Before filing any nondispositive motion in a civil action, counsel shall discuss the
anticipated motion with opposing counsel, either in person or by telephone, in a good
faith effort to determine whether there is any opposition to the relief sought and, if there
is opposition, to narrow the areas of disagreement.

[4]Additionally, on May 28, 2099, this Court entered a Protective Order governing the
exchange of confidential information, which facilitated the exchange of some discoverable
information.

## II. Analysis- Motion for Waiver
### A. Defendant's Procedural Objections

Defendant contests the filing of Plaintiff's Motion for Waiver [74] on grounds that

Plaintiffs failed to comply with their "meet and confer" obligations set forth in LCvR 7(m), prior

to filing such motion.  This assertion is contrary to the record in this case which verifies that the

parties repeatedly engaged in telephone conferences with the Court, for the purpose of narrowing

discovery disputes.  The record in this case also includes correspondence sent by the Plaintiffs to

the District, which highlighted perceived discovery deficiencies.  Furthermore, the fact that the

Court granted Plaintiffs' request for leave to [re]file their motion to compel (which included an

argument about waiver of objections) should have made it eminently clear to the District that

Plaintiffs intended to refile their motion to compel and request a waiver of objections.[5]  Finally,

the Court finds disingenuous  Defendant's  focus on procedural issues when the substantive

inquiry at issue in this case is Defendant's failure to provide timely discovery responses.

### B. Legal Standard for Waiver of Objections

Plaintiffs argue that the District has waived its objections to their discovery requests

pursuant to Fed. R. Civ. P. 33 and 34 and relevant case law by failing to serve any "objections or

responses until several weeks after its already extended deadline for issuing responses."  (Motion

for Waiver at 1, 4.)[6] Nor has the District provided a privilege log to explain the grounds for any

_____

[5]The District further contests Plaintiffs' alleged noncompliance with the requirement that
memorandum of points and authorities in support of a motion be filed separately.  (Opposition to
the Motion for Waiver at 2.)  Local Civil Rule 7(a) does not impose this requirement.

[6]Plaintiffs argue that such waiver of objections applies not only to objections that were
asserted in Defendant's initial responses to discovery requests but also includes "new objections
to Plaintiffs' documents requests [asserted] some seven months after Defendant's responses were
initially due."  (Motion for Waiver at 9.)

documents being withheld.  (Motion for Waiver at 2.)

"Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).  While Rule 34 lacks similar waiver provisions, this Circuit has applied the waiver provision applicable to interrogatories under Rule 33 to document requests.  *Myrdal v. District of Columbia*, No. 05-02351, 2007 WL 1655875 at *3 (D.D.C. June 7, 2007) (finding Defendant waived objections when he answered discovery requests two months late); *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) (finding Defendant waived objections when he filed his responses 20 days late.)

In general, untimely objections to discovery requests are waived.  *In re Papst Licensing GMBH & Co. KG Litig.*, 550 F. Supp. 2d 17, 22 (D.D.C. 2008)*.*  A court may however excuse a failure to timely object if it finds good cause.  *See Byrd v. Reno*, No. 96-2375, 1998 WL 429676 at *6 (D.D.C. Feb. 12, 1998) (defining good cause as medical emergency or where requests are so patently irrelevant that accepting a late objection is necessary for the court to "prevent [ ] misuse of its processes.")  The court may also reject a waiver where the opposing party will not suffer prejudice and the delinquent party has not demonstrated a pattern of misconduct.  *See Burlington v. Okie Dokie*, 368 F.Supp.2d 83, 91 (D.D.C. 2005) (allowing Plaintiff to object despite responding 9 days after deadline); *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999) (finding Plaintiff did not waive her objections where she filed answers 5 or 9 days late and where Defendant also missed deadlines for court filings)

## 1. Establishing Good Cause

The District argues that this jurisdiction "has not articulated a concise framework defining the term 'good cause' [but] other courts have adopted a multi-factor test that is

consistent with this Court's prior precedent."  (Opposition at 3, citing *Enron Corp. Sav. Plan v.*

*Hewitt Assocs.*, *L.L.C.*, 258 F.R.D. 149, 156-57 (S.D. Tex. 2009), *Hall v. Sullivan*, 231 F.R.D.

468, 474 (D. Md. 2005); *Burlington v. Okie Dokie*, 368 F. Supp.2d 83, 91 (D.D.C. 2005)).  The

*Hall* case, *id* at 474, cited by Defendant, sets forth the following factors for the Court's

consideration of "good cause":

> (1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party.

In the instant case, the District is unable to demonstrate any "good cause" for its

inordinate delay in providing a response to Plaintiffs' discovery requests.

### 2.  The "Hall" Factors
### a. Length of Delay

At the hearing on the Motion for Waiver, both counsel indicated that the District sought

and received an extension of time in which to file its discovery responses.  Plaintiffs agreed to a

14-day extension after the District initially requested a 30-day extension.  Counsel for the District

acknowledged that the District did not subsequently move for a further extension of its response

time despite having the opportunity to do so.  *See Fonville*, 230 F.R.D. at 42 (noting that the

District of Columbia "did not seek an extension of time" [to respond to discovery] and holding

the District's untimely discovery responses required waiver of all of the District's objections).

Defendant's counsel proffered no reason for Defendant's failure to seek an additional extension

of the response deadline.  The length of delay - 21 days after the extended discovery deadline for

responses to document requests and 37 days after the extended discovery deadline for responses

-6-

to interrogatories - weighs in favor of waiver of objections.

### b. Reason for the Delay

The District suggests that its delay in responding to discovery requests was attributable to the approaching Thanksgiving and winter holidays and Metropolitan Police Department preparations for the inauguration, which the District believes is good cause for its failure to provide timely responses or objections.  *See* Opposition to Motion for Waiver, Exh. A (Declaration of Ted Zelewski, Chief Administrative Officer of the First District Metropolitan Police Department) (discussing reasons for the delay.)   Plaintiffs asserts that "[a]ny difficulties caused by the holidays and/or the inauguration occurred only after Defendant did not timely respond to Plaintiffs' requests and therefore were caused by Defendant's delinquency."  (Motion for Waiver at 5.).  The "justifications" for delay relied upon by the District do not provide a reasonable basis for noncompliance with the Federal Rules of Civil Procedure, governing the timing of objections and responses.  The District admittedly never attempted to obtain an additional extension of the response deadline [based on these "justifications" or any other reason] and even when the District's  responses were finally filed, they were deficient. (*See* Motion for Waiver, Exh. 7 (District's Responses to Plaintiffs First Set of Interrogatories)).  Accordingly, this factor weighs in favor of waiver of objections.

### c. Dilatory or Bad Faith Action

The District asserts that its delay in this case "was not a result of bad faith or any attempt to delay the proceedings in this matter."  (Opposition to Motion for Waiver at 5.)  While the Plaintiffs do not assert that the District acted in bad faith, the District's behavior could certainly be characterized as dilatory insofar as the District failed to move for an additional extension of

time in which to respond to discovery; the District proffers no reason for such failure; and after

receiving a 14-day extension of the discovery deadline, the District did not file its responses to

document requests and interrogatories, respectively, until 21 and 37 days after the extended

discovery cutoff.  The District's actions were clearly dilatory and this factor weighs in favor of

waiver of objections.

### d. Prejudice to Plaintiffs

The District asserts that "plaintiffs cannot show on this record that they have been unduly

prejudiced by the belated discovery" in light of the extension of discovery . . ., and  Plaintiffs'

election not to pursue depositions until they had all paper discovery. (Opposition to Motion for

Waiver at 5.)  To the contrary, the Plaintiffs argue that they have been prejudiced by Defendant's

conduct because the Defendants' failure to respond in a timely fashion delayed the entire

discovery process, necessitating the amendment of the scheduling order dates and requiring the

trial court to postpone the trial date.[7]  (Reply to Opposition to Motion for Waiver at 10-11.)  *See*

*also Starlight*, 181 F.R.D. 494, 497 (D. Kan. 1998) (finding that lack of prejudice [to plaintiffs]

does not constitute a showing of good cause.) While the Court agrees that some of the prejudice

to Plaintiffs has been "cured" by the extension of discovery deadlines in this case, such

extensions of discovery necessitated by the actions of one party generally result in increased

litigation costs for all parties and the loss of information/witnesses attributable to the passage of

time.  Accordingly, the Court finds that this factor also weighs in favor of waiver of objections.

---

[7] Plaintiffs further assert that because they are still employed by the District, during the time this case is pending, they continue to be "vulnerab[le] and "expos[ed]."  (Reply to Opposition to Motion for Waiver at 11.)

**e. Discovery Requests**

Another factor considered in *Hall* was whether the discovery requests were properly framed and not unduly burdensome.  Having reviewed the discovery requests in this case, the Court finds them to be generally well crafted and not unduly burdensome. Furthermore, Plaintiff has detailed alleged defects in the District's responses instead of generally contesting the sufficiency of Defendant's responses. (*See, e.g.,* Motion for Waiver, Exh. 14 (January 15, 2009 letter from Plaintiffs' counsel to Defendant's counsel )).  Because Plaintiffs' discovery requests were not overly broad and Plaintiffs were able to specify those portions of the Defendant's responses they found deficient, this factor weighs in favor of waiver.

**f. Harsh Result**

The  final factor considered in *Hall* was whether waiver is an unjustifiably harsh sanction in the context of the circumstances of a particular case. Defendant argues that "waiver is an extreme sanction reserved only for cases involving unjustifiable delay, inexcusable conduct or bad faith in responding to discovery requests."  (Opposition to Motion for Waiver at 5); *see Pabst*, 550 F. Supp.2d at 22 (citing *United Steel Workers of America v.* Avaco, 2002 WL 31932875, at *4-5 (N.D.Ga. 2003)).  *See also Burlington*, 368 F. Supp. 2d at 91 (holding that a waiver of plaintiffs' untimely objections was not justified because the delay did not prejudice the defendant and there was no pattern of misconduct.)

*Burlington* is distinguishable because, in the instant case, there *has* been a pattern of unjustifiable delay attributable to the District, not only in its failure to respond to discovery in a timely manner but also in the piecemeal way in which supplementation of those responses has been provided and the District's practice of asserting late objections, with some objections being

raised a year after the discovery was served. (Reply to Opposition to Motion for Waiver at 6.)
*See Webb v. District of Columbia*, 175 F.R.D. 128, 147 (D.D.C. 1997) *rev'd on other grounds by*
146 F.3d 964 (D.C. Cir. 1998) ("If the District was unable to respond to the document request,
the proper response was to file a motion for an enlargement of time with the court.  Instead, the
District abrogated to itself the right to provide a cursory, incomplete response with a promise to
update in the future.  This is totally improper, and this court has previously used similar conduct
to support a finding of discovery misconduct by the District in another case.") Similarly, in the
instant case, the District should have moved for a further enlargement of time in which to
respond to discovery instead of responding in a cursory manner and then supplementing those
responses multiple times.

Applying the factors set forth in *Hall* weighs in favor of finding a waiver of all of the
District's untimely objections that are not based on claims of privilege or relevance.

## 2. Waiver of Privilege Objections

To successfully assert privilege, a party must expressly claim privilege as an objection to
a discovery request, and describe the privileged document with enough particularity so the
party's opponent can assess the claim.  Fed. R. Civ. P 26(b)(5).  A privilege log has become an
almost universal method of asserting privilege under the Federal Rules.  *First Am. Corp. v. Al-
Nahyan*, 2 F.Supp.2d 58, 63 (D.D.C. 1998); *Bregman v. District of Columbia*, 182 F.R.D. 352,
363 (D.D.C. 1998) (failure to produce a privilege log bars a later claim of privilege.)
Objections based on claims of privilege may be waived under Rules 33 and 34 for failure to
make a timely objection. *Fonville*, 230 F.R.D. at 42.  *See also* Rule 33(b)(4) (stating that unless a
party can establish good cause, "any ground not stated in a timely objection is waived"); *Myrdal*

*v. District of Columbia*, No. 05-02351, 2007 WL 1655875, at *3 (D.D.C.  June 7, 2007) ("If a party fails to state an objection to an interrogatory in a timely manner, the party automatically waives that objection.")

Defendant argues that privilege objections are "particularly impervious to waiver." (Opposition to Motion for Waiver at 7; citing *Pabst*, 550 F. Supp.2d at 22-23.)  *See United States v. British Am. Tobacco*, 387 F. 3d 884, 891 (D.C. Cir. 2004) ( "[W]aiver of privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith.")  Plaintiffs assert however that the *Pabst* case lends credence to the proposition that waiver is the general rule rather than the exception.  550 F. Supp.2d 17, 22 (D.D.C. 2005). Plaintiffs note that the *Pabst* court upheld a waiver of objections based on attorney-client privilege, work product, and consulting expert privilege because "Pabst's failure to respond to . . . discovery requests, as directly ordered, was entirely unjustified and inexcusable and smacks of bad faith."  550 F.Supp.2d at 22; *see also Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) (noting that the waiver rule holds true "even where the party objects to disclosure because it claims that the information sought is privileged") (citing *Davis*, 650 F.2d at 1160); *Peskoff v. Faber*, 244 F.R.D. 54, 64 (D.D.C. 2007)("Courts have found that failure to state any objections to the production of documents in a timely manner constitutes a waiver of any objections, similar to Rule 33, even though Rule 34 does not contain an automatic waiver provision.") (citations omitted).

Plaintiffs concede that courts are more likely to make an exception to the waiver rule in cases where minor violations would result in the waiver of an objection based on  privilege as opposed to a waiver of an objection based on some other grounds.   Plaintiffs assert however that

this is the exception rather than the rule.

This Court finds that a waiver of privilege objections is a more serious sanction than a waiver of other objections, and in its discretion, this Court will allow Defendant to preserve the privilege objections that were raised in the District's initial responses to Plaintiffs' discovery requests [as opposed to objections raised in supplemental responses.] Thus, in lieu of providing an additional response to discovery requests for which the Defendant has asserted privilege, the Court will permit the District to provide a privilege log to the Plaintiffs.  Upon request by the Plaintiffs, the Court will undertake an *in camera* review of the documents alleged by the District to be privileged.

### 3. Waiver of Relevance Objections

Rule 33(b)(4) provides for an automatic waiver of objections, with a narrow exception for extraordinary circumstances, upon a showing of good cause.  Plaintiffs assert that a waiver of objections encompasses relevance objections, while the District argues that relevance objections are not waived, relying upon *Byrd v. Reno*, No. 96-2375, 1998 WL 429676, at * 6 (D.D.C. Feb. 12, 1998), an opinion recognizing that certain overly broad discovery requests would warrant an exception to Rule 33(b)(4)'s automatic waiver because the party would be forced to respond to outrageous discovery requests due to a waived relevance objections.[8]  *See also Caldwell v. Center for Correctional Health and Policy Studies, Inc.,* 228 F.R.D. 40, 44 (D.D.C. 2005) ("Although the objection based on burdensomeness has been waived, plaintiff is not entitled to demand from defendants information that is neither relevant to a claim or defense nor likely to

---

[8]Such requests would perhaps ask a party to "explain her genealogy back to Eve" or produce "every piece of paper in the Pentagon." (Motion for Waiver at 8.)

lead to information that is.")  In *Pabst*, the court concluded that relevancy objections must be outside the scope of waiver because if they were not, the parties could "ask the most outrageous questions possible in the hope that an untimely response would permit them to get indirectly what they know they could not get directly."  550 F. Supp.2d at 22-23.

Plaintiffs contend that if relevance objections are set apart from other objections in terms of waiver, there would be an incentive to assert relevance objections "as much as possible" to avoid waiver.  (Reply to Opposition to Motion for Waiver at 7.)  Furthermore, Plaintiffs note that Defendant has asserted objections on a rolling basis in this case, even as recently as their October 1, 2009 supplemental response to Document Requests Nos.1 and 3, and it would thus be unfair for Defendant to be able to cure its waiver merely by asserting relevance objections at some point in time.

This Court's review of Plaintiffs' discovery requests, which target specific relevant information, makes it clear that they should not be compared to the overly broad and patently irrelevant requests contemplated in *Byrd.*  The Court finds that Defendant's relevance objections should be generally waived but the Court does maintain the discretion to limit the scope of some of the discovery requests herein to eliminate undue burden on the District.

### III. Legal Standard and Analysis of Motion to Compel

_____  The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Courts generally construe relevance for the purpose of discovery broadly.  *Food Lion v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997).  Parties have several means of obtaining discovery.  Rule 33 allows a party to serve as many as 25 interrogatories related to any

permissible inquiry under Rule 26(b) on any other party.   Fed. R. Civ. P. 33(a)(1)-(2).  Similarly,

Rule 34 permits a party to serve requests, within the scope of Rule 26(b), for documents or

electronically stored information on any other party.  Fed. R. Civ. P. 34(a)(1)(A).

Trial courts have broad discretion in handling discovery matters.  *Food Lion*, 103 F.3d at

1012 (*citing Brune v. Internal Revenue Serv.*, 861 F.2d 1284, 1288 (D.C. Cir. 1988)).  Rule

37(a)(1) allows a party to "move for an order compelling disclosure or discovery."  Fed. R. Civ.

P. 37(a)(1).  In the instant case, Plaintiffs move to compel complete responses to several

interrogatories and document requests propounded to the District.

As a preliminary matter, this Court has already granted a waiver of all of Defendants'

objections to discovery requests other than those based on privilege and the Defendant is required

to produce a privilege log in connection with any privilege objections that were asserted in the

Defendant's initial response to Plaintiffs' discovery requests.  Accordingly, a portion of

Plaintiffs' Motion to Compel [75] has become moot because Defendant may not rely on certain

objections.  The Court will now address the balance of the contested discovery requests in the

order in which they were presented in the Motion to Compel.

INTERROGATORY NO 8 - Plaintiffs seek information about the procedures, policies

and practices by which Defendant retained and searched for paper documents.  In connection

with its Opposition to the Motion to Compel, the District provided Plaintiffs with Declarations

by Ted Zalewski and Keely Williams, addressing the information requested in Interrogatory No.

8.[9]  In their Reply to the Opposition to the Motion to Compel, the Plaintiffs state that "Defendant

---

[9]Keely Williams is Payroll Manager, Payroll Operations for Public Safety and Justice Cluster of the Office of the Chief Financial Officer.

has supplemented its response with respect to describing its search of paper documents to Plaintiffs' satisfaction." (Reply to Opposition to the Motion to Compel at 15.) Thus the only remaining disputed issue is Plaintiffs' request for Defendant's document retention policy. Plaintiffs argue that Defendant's response [a reference to three policies] is insufficient because it doesn't provide all requested information and/or the policies did not apply during the relevant time period. Defendant's response fails to rebut Plaintiffs' allegations of insufficiency and thus, the Court finds that Defendant must supplement its response to that portion of Interrogatory No. 8 relating to document retention policies, practices and procedures. For those documents for which Defendant has claimed privilege, a privilege log must be provided.

INTERROGATORY NO. 7/DOCUMENT REQUESTS NOS. 12 and 13 - Plaintiffs assert that Defendant has not produced arrest statistics, which relate to Defendant's "two purported non-retaliatory justifications for its treatment of Plaintiffs." (Motion to Compel at 9.) Defendant's objections based on relevance and burden have been waived and accordingly, the District  must provide a response to these discovery requests, which encompasses the totality of the information requested; i.e., type of arrest; information about "no paper" requests; and arrest data for all officers in the FMU. Defendant has indicated that some of the responsive data may consist of confidential information regarding juveniles or data that is subject to expungement orders. The parties shall cooperate in the exchange of this particular subset of information with the twin goals of providing Plaintiffs with the information they need while preserving the confidentiality of such information, whether it is produced subject to the protective order or in a redacted or summary form. The time period for Interrogatory No. 7 is January 1, 2004 to November 1, 2006, as requested, while the time period for Document Requests Nos. 12 and 13 is

limited to January 1, 2004 through December 31, 2007.[10]

INTERROGATORY NO. 5 - Plaintiffs ask Defendant to describe the [August 2006] reapplication decision-making process and identify reasons each applicant's application was accepted or denied.  Plaintiffs assert that this inquiry is relevant to a determination of pretext. Plaintiffs claim that Defendant's response is defective insofar as Defendant references unnamed "applicant supervisors" but does not identify these persons.[11]  Plaintiff also contests Defendant's use of the phrase "upon information and belief" in their response to this interrogatory.[12] Defendant does not address Plaintiffs' request for identification of unnamed "applicant supervisers" in its Opposition to the Motion to Compel.  (Reply to Opposition to Motion to Compel at 11.)  The Court notes that Defendant's objections based on burden and relevance have been waived.  To the extent that Defendant has claimed deliberative process privilege, a privilege log must be provided.  Defendant must supplement its responses by identifying the "applicant supervisors" and the reasons for acceptance or denial of applications.

---

[10]Plaintiffs requested a time period of January 1, 2004 through the present regarding Defendant's response to Document Requests Nos. 12 and 13.

[11]In their Motion to Compel, Plaintiffs also indicated that Defendant provided examples of reasons for an employee's acceptance or denial for re-admission to the FMU instead of explaining all reasons, but Plaintiffs' Reply to the Opposition to the Motion to Compel notes that "Defendant has supplemented its response to Interrogatory No. 5 [and] Plaintiffs understand this supplement is a complete accounting of why Plaintiffs were not selected for re-admission to the FMU."  (Reply to the Opposition to the Motion to Compel at 11.)

[12]On November 25, 2009, Defendant filed a Notice of Filing [103] indicating that it had further supplemented its discovery responses and accordingly, "the District's good faith amended responses have now mooted Plaintiffs' request for relief."  (Notice at 1.)  On November 30, 2009, Plaintiffs filed a Response to Defendant's Notice of Filing [104], asserting that Plaintiffs' request for relief is not moot with the exception of two cured deficiencies. . . ."  (Response at 1.) Plaintiffs note that Defendant has supplemented its response "to remove the precatory language 'upon information or belief.'" (Response at 5.)

DOCUMENT REQUEST NO. 17- Plaintiffs request information necessary to conduct a backpay analysis, including pay records (overtime and otherwise) for all officers in the FMU from January 1, 2000 to the present and for Plaintiffs from their first day in the FMU to the present. Plaintiffs request that the data be produced in the format in which it is kept - an electronic database, instead of thousands of pages of information in different formats. Fed. R. Civ. P. 34 requires that documents be produced "as they are kept in the usual course of business" and if no form for producing electronically stored information is specified, it should be produced in a form or forms "in which it is ordinarily maintained or in a reasonably usable form or forms . . . ."   Rule 34(b)(2)(E)( I) &(ii). Defendant should produce the information requested by Plaintiffs, in an electronic format, for all officers in the FMU for the [limited] time period January 1, 2003 through December 31, 2007, and for Plaintiffs for the [limited] time period from their first day in the FMU through December 31, 2007.[13]

DOCUMENT REQUESTS NOS. 1 & 3 - Plaintiffs assert that Defendant has not provided all documents referring to claims and defenses in this litigation or the underlying administrative proceeding [No.1] and documents relied upon by Defendant and its experts [No. 3].  Defendant asserts that it has identified documents that it believed responsive to Document Request No. 1 and that Document Request No. 3 is premature as experts have not yet been retained.  To the extent that Plaintiffs have identified specific documents or categories or documents responsive to Request No. 1 that were not produced, these documents should be provided to the Plaintiffs, if they are responsive to Document Request No. 1.  The Defendant's

---

[13]Plaintiffs requested a response to Request No. 17 for all officers in the FMU for the period January 1, 2000 to the present and for all Plaintiffs from their first day in the FMU to the present.

response to Request No. 1 should otherwise be deemed complete. Defendant has acknowledged

that it will comply with the Federal Rules of Civil Procedure regarding expert disclosures in

response to Document Request No. 3.   This response is deemed sufficient until such time as the

Defendant identifies its experts.

DOCUMENT REQUEST NOS. 29, 31 & 32 - Plaintiffs request the re-applications to the

FMU [Request No. 29] and documents reviewed by decision-makers [Requests Nos. 31 & 32].

The District produced responsive documents and indicated that it conducted a good faith search

but was unable to locate any additional responsive documents. *See* Opposition to Motion to

Compel, Exh. 1 (Declaration of Ted Zalewski) at¶¶3,6.  The Court finds that the District's

response to these three document requests is sufficient; i.e., the District cannot  produce

documents that it cannot locate, whether such documents previously existed or not.  The Court

will not require the District to "provide a sworn list of responsive document that Defendant

cannot locate or that no longer exist."  (Plaintiffs' Motion to Compel at 19.)

DOCUMENT REQUEST NO. 6 - Plaintiffs request documents showing the assignment

date to the FMU and length of time served in the FMU by those persons who re-applied during

the August 2006 re-application, to compare "the length of time in the FMU of those comparators

selected for re-assignment versus the length of time Plaintiffs were in the FMU."  (Opposition to

Motion to Compel at 22.)  Defendant produced personnel files in response to this request but

Plaintiffs contend that the files are not responsive.  Defendant asserts that it is "unable to locate

additional paperwork documenting the exact date of assignment of an employee to the FMU."

(Opposition to Motion to Compel at 16.)  Plaintiffs indicate that they will accept a "sworn list

constructed for the purposes of the litigation in lieu of documents, . . . " (Motion to Compel at

23.)  Defendant should respond to this discovery request by providing Plaintiffs with the

information sought, either by highlighting where in the personnel files the information may be

found or by constructing a list with approximate dates of assignment.

      DOCUMENT REQUESTS NOS. 8 & 10 - Plaintiffs request information regarding

awards received by Plaintiffs and comparators [Request No. 8] and performance evaluations of

Plaintiffs, Plaintiff's comparators, Ronald Wilkins and the sergeants serving the FMU when

Ronald Wilkins was Lieutenant. [Request No. 10].  Plaintiffs assert that the information

requested in Document Request No. 10 is "reasonably likely to lead to the discovery of relevant

evidence because it relates to a comparison of the qualifications of Plaintiffs versus comparators

and relates to the behavior of decision makers."  (Motion to Compel at 23-24.)  The Defendant

referenced personnel files in response to both of these documents requests but Plaintiffs assert

that the personnel files do not contain the information requested.[14]  Defendant's opposition does

not address Plaintiffs' Request No. 8, and accordingly, because Defendant's objections other than

privilege have been waived, Defendant should respond to this Request to correct any

deficiencies.   Defendant's response to Request No. 10 should also be supplemented, but it

should be limited to performance evaluations of Plaintiffs and comparators.[15]  Defendant  may

not rely on its untimely objections other than objections based on privilege, which would require

---

[14]Plaintiffs note their understanding that the missing information responsive to these two
Requests is maintained in "jackets" or "unit files" and further, that Defendant agreed to provide
"unit files" but has not done so.

[15]The Court finds that Plaintiffs have not demonstrated the relevance of their request for
information about performance evaluations of decision makers.

submission of a privilege log.[16]

DOCUMENT REQUESTS NOS. 11 & 18 - Plaintiffs request that Defendant identify documents referring or relating to discipline against Plaintiffs, comparators and decision-makers, and Document Request No. 18 requests documents relating to allegations of misconduct by Mr. Wilkins and any investigations or discipline resulting therefrom.  Plaintiffs state that Defendant has acknowledged that responsive materials may be located in places other than those searched by Defendant.  Plaintiffs request that Defendant undertake a search for these documents and produce them.  Defendant did not respond to Plaintiffs' claim that its responses to Document Requests Nos. 11 & 18 are deficient and accordingly, this Court finds that Defendant must respond to these requests by conducting a search for responsive documents and producing them to Plaintiffs.

DOCUMENT REQUEST NO. 15 - Plaintiffs seek documents regarding the FMU's performance expectations.  In its Opposition to the Motion to Compel, the District does not address Plaintiffs' claim that its response is deficient.  Because Defendant's objections not based on privilege are waived as untimely, Defendant should respond to Plaintiffs' request for supplementation of its response, but such response shall be limited to the time period January 1, 2004 through December 31, 2007, instead of January 1, 2004 through the present.

DOCUMENT REQUEST NO. 36- Plaintiffs request documents regarding "the allowance of FMU officers to work the day shift and any investigation of the same[,]" which relates to Plaintiff Miller's allegations that she was denied a day shift on the FMU and then

---

[16]Defendant's piecemeal supplementation of its responses makes it difficult for this Court to determine what information has been provided and the extent to which such information is responsive.

promised a transfer from the FMU to a day shift. (Motion to Compel at 28-29.)  Plaintiffs

contend that Defendant produced non-responsive documents in connection with this request.

The District argues that while the requested documents are not relevant, it has produced

disciplinary files in its possession that are responsive to this request.  Plaintiffs assert that

Defendant's focus on disciplinary files is misplaced as there are other documents that are

responsive to this request that have not been produced.  Defendant shall supplement its response

to this request, and in the event that certain disciplinary files have been purged, the Defendant

should so indicate in its response.

DOCUMENT REQUEST NO. 38 - Plaintiffs ask for documents regarding FMU's leave

policy for various periods of time, in connection with Plaintiff Smalls' allegation that he was

denied leave after he engaged in protected activity.  (Motion to Compel at 30.)  Plaintiffs assert

that Defendant has not produced "requests for leave" specifically sought in this request and

Defendant indicates that it "cannot produce . . . documents regarding leave requested and denied

because it does not maintain leave denials in the ordinary course of business."  (Reply to

Opposition to Motion to Compel at 22, *see* Opposition to Motion to Compel at 24.)[17]  The Court

agrees that "the District cannot be compelled to produce documents it does not have."

(Opposition to Motion to Compel at 24.)  The District's response is deemed to be sufficient.

PRIVACY OBJECTIONS -Plaintiffs assert that Defendant continues to rely upon privacy

objections even after a Protective Order governing the use of confidential information has been

---

[17]Plaintiffs argue Defendant was on notice that it had a duty to preserve these documents as of August 24, 2006, when Plaintiffs complained about Smalls' denial of leave, and Plaintiffs thus ask Defendant to certify whether these documents exist but that ignores Defendant's assertion that the leave denials are not maintained.

put in place.  The District, however, concedes that it "has withdrawn its privacy objections

because the protective order cured its objections."  (Opposition to Motion to Compel at 25.)  This

issue is thus moot insofar as the District is no longer relying upon privacy objections.[18]

     ADMINISTRATIVE ERRORS - The District indicates that the "administrative

deficiencies" alleged by the Plaintiffs have been cured.  (Opposition to Motion to Compel at 26-

27), although this allegation is contested by Plaintiffs.  (Reply to Motion to Compel at 24-25.)

This Court declines to make a ruling on a matter so inconsequential, instead directing the parties

to meet and confer to resolve these issues.


Dated: December 29, 2009      _____/s/_____
          ALAN KAY
          UNITED STATES MAGISTRATE JUDGE

---

[18]In their Response to the Notice of Filing [104], Plaintiffs note that Defendant "served updated objections removing the privacy objection from the objections listed after Request Nos. 24, 25, 26, 27, 28, 31, and 39, noted in Plaintiffs' Motion."  (Response [104] at 5.)  Plaintiffs further note that Defendant has "never indicated that it has withdrawn all objections based on privacy since the entry of the May 2008 protective order, . . . ."  (Response at 6.)