UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
FRAZIER CAUDLE, *et al.*,          )
                                   )
            Plaintiffs,            )
     v.                            )     Civil Action No. 08-00205 (HHK/AK)
                                   )
THE DISTRICT OF COLUMBIA,          )
                                   )
            Defendant.             )
_____)

## **MEMORANDUM ORDER**

Pending before this Court is the District of Columbia's Motion to Stay Ruling on the Sanctions and Cost Arguments Set Forth in Plaintiffs' Renewed Motion to Enforce the Court's Order Requiring Production of Discovery Responsive to the Court's Ruling on Plaintiffs' Motion to Compel and Motion for Sanctions ("Motion") [172]; Plaintiffs' opposition to the Motion ("Opposition") [174] and Defendant's reply thereto ("Reply")[186]. Defendant District of Columbia (the "District") requests that this Court stay its ruling on Plaintiffs' motion to compel and for sanctions [165], where Plaintiffs request for sanctions is based on Defendant's dilatory conduct throughout the course of discovery in this case.

Defendant contends that this Court has the "inherent power to stay proceedings [with]in [the] control of its docket." (Motion at 4); *see Landis v. North America Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); see also *Dellinger v. Mitchell*, 442 F.2d 782, 786 n.7 (D.C. Cir. 1971) (quoting *Landis*). In determining whether to grant a stay, a court must "balance the

competing interest of the parties." *Ellsberg v. Mitchell*, 353 F. Supp. 515, 517 (D.D.C. 1973) (citing *Landis*, 299 U.S. at 254-55; *Dellinger*, 442 F.2d at 786, 787).  The initial burden rests with the party applying for a stay to "demonstrate a need, however slight, which justifies a delay in the proceedings." *Ellsberg*, 353 F. Supp. at 517.

The alleged "need" propounded by the District is the fact that it has been "duly overburdened" in this litigation by "expend[ing] and overstretch[ing] its resources to comply with [ ] discovery demands that have no bearing on this litigation." (Motion at 5.)[1]  The District further alleges that "fiscally," it requires a delay in any ruling on sanctions and/or costs. (*Id.*) Finally, the District argues that because dispositive motions are pending before the trial court, this Court should defer its ruling on any motion for sanctions or costs until those motions are resolved. Plaintiffs' response to this argument is that the District "wrongly assumes that the outcome of dispositive motions could somehow absolve Defendant of responsibility for its violations of Court Orders. . . . " (Opposition at 1. ) Plaintiffs argue that "[n]o summary judgment decision would validate Defendant's prior violations of this Court's Orders or relieve Defendant of its duty to comply with court orders and fulfill its obligations under the Federal Rules." (Opposition at 2.)  *See United States v. Philip Morris USA, Inc.*, 287 F.Supp.2d 5, 14 (D.D.C. 2003) ("If the rule of law is to be upheld, it is essential that the judiciary takes firm action to vindicate its authority to compel compliance with lawfully issued directives, and to not reward delay and disobedience. ")

---

[1]The Court notes that during the course of discovery, the District failed to timely object to some of the Plaintiffs' discovery requests resulting in this Court finding a waiver of objections, including relevance, and the District subsequently having to respond to discovery that might have been objectionable.

Defendant's Reply to the Plaintiffs' Opposition attempts to argue the merits of the motion requesting sanctions and it is accordingly nonresponsive to the Plaintiffs' assertion that the outcome of the dispositive motion has no bearing on when and whether the District should be sanctioned for discovery misconduct. Defendant District of Columbia fails to demonstrate any valid reason for this Court to delay determination of Plaintiffs' request for sanctions and accordingly, it is this 30th day of April, 2010,

ORDERED that the District of Columbia's Motion to Stay Ruling on the Sanctions and Cost Arguments Set Forth in Plaintiffs' Renewed Motion to Enforce the Court's Order [172] is DENIED.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE